_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01673-FWS-E                                Date: April 8, 2026
Title: Jorge Alexander Hernandez-Gomez v. Fereti Semaia *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

           Rolls Royce Paschal                                         N/A
            Deputy Clerk                                          Court Reporter

Attorneys Present for Petitioner:                  Attorneys Present for Respondents:

        Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PETITIONER'S *EX PARTE*
APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

On April 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C.
§ 2241 and an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 1 (Petition); Dkt. 2
("Application" or "App.").)  Petitioner has a final order of removal to El Salvador, but has been
advised that the government is seeking to remove him to Mexico, and Petitioner is currently
detained by Immigration and Customs Enforcement ("ICE") for the purpose of effectuating that
removal.  (*See* App. at 1.)  Petitioner maintains that he fears persecution and torture in Mexico,
and seeks a temporary restraining order enjoining Respondents from removing Petitioner to
Mexico without adequate notice and review of his fear-based protection claim as to Mexico, and
releasing Petitioner from custody, among other relief.  (*Id.* at 1-2.)  In opposition, the
government argues, among other contentions, that it provided the required notice and interview.
(Dkts. 7, 7-1, 7-2.)  In reply, Petitioner maintains that "the Notice of Intent to Revoke Release,
is defective on its face for two independent and compounding reasons" and "the purported
opportunity to respond" during the interview "was not meaningful" because "Mexico was raised
for the first time as a country of removal at the very end of the interview, as a decision already
made rather than an issue open for response."  (Dkt. 8 at 2.)

Due to the influx of petitions for writs of habeas corpus filed by those in immigration
detention, and to facilitate their expedited resolution, the Central District of California has
issued General Order No. 26-05.  (Dkt. 9.)  The General Order provides an expedited briefing
schedule on petitions like Petitioner's, under which Respondents' answer to the Petition is due
by April 15, 2026, and Petitioner's reply is due no later than 3 days after the answer is filed.

_____

**CIVIL MINUTES – GENERAL**                                                              1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-01673-FWS-E                              Date: April 8, 2026
Title: Jorge Alexander Hernandez-Gomez v. Fereti Semaia *et al.*

(*Id.* at 2.)  The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (*Id.* at 5.)  The General Order goes on to advise that "[i]f the petitioner believes that an application for a temporary restraining order is appropriate, the application . . . must comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19."  (*Id.* at 6.)

In this case, the court finds Petitioner fails to make an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  (*Id.* at 6.)  As another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO"; "a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Haiyan Tang v. Warden*, 5:26-cv-01595-DFM, Dkt. 5 (C.D. Cal. Apr. 2, 2026); *see also Argueta v. Secretary of Homeland Security*, 5:26-cv-01687-JLS-E, Dkt. 7 (C.D. Cal. Apr. 7, 2026) (denying TRO based on General Order 26-05); *Chen v. Mullin*, 5:26-cv-01684-MCS-PVC, Dkt. 7 (C.D. Cal. Apr. 8, 2026) (similar).

In addition, the court observes that the General Order provides that "the government shall provide at least two court days' notice to the petitioner, his or her counsel, and the Court of its intent to remove the petitioner from the Central District of California."  (Dkt. 9 at 6.)

Based on the current record, as applied to the relevant law, the Application is **DENIED**. Proceedings on the merits of the Petition will continue consistent with General Order 26-05 before the assigned Magistrate Judge.

_____